White, J.
 

 delivered the following opinion of the Court: —
 

 The record shows that the defendants in error had obtained a judgment-in the Circuit Court of Davidson County against Coleman, upon which a
 
 fieri,facias
 
 issued, and that under the act of Assembly passed the 23d
 
 *198
 
 day of November, 1809, the sheriff took from him a bond with security, and thereby stayed the collection of the money for twelve months. After the expiration of this time, the defendants in error moved the Circuit Court for a judgment against Coleman and his securities upon the bond, which judgment was rendered; and to reverse it, this writ of error was prosecuted.
 

 The only question now made is, whether the Circuit Court did right in giving a judgment upon motion, particularly as no previous notice of that motion was given.
 

 The. act of November, 1809, is so worded as to render it very difficult to collect the meaning of the Legislature upon many points. At the April session, 1809, another Act had been passed upon the same subject, which, by the terms of it, was to expire on the first day of December, 1809. In forming an opinion upon this point, we hold it correct to take into view both these Acts. The first expressly authorizes a judgment on motion, but the latter says nothing as to the remedy upon these bonds except in one case, — that is, when property is sold upon twelve months’ credit for a sum more than sufficient to satisfy the execution. In that case it is provided that the defendant may have judgment on motion for the overplus. The fair meaning of the Legislature, then, would seem to be, that the creditor should be at liberty to pursue the mode prescribed by the first statute, which was by motion, and that the debtor should have the remedy prescribed by the latter statute, which is by motion likewise. Would it not be strange that a summary and cheap remedy should be afforded a defendant where property had been sold for more than sufficient to satisfy the execution, and at the same time leave the creditor, whose execution had been delayed twelve months, without any other remedy save that furnished in the ordinary mode of a new suit ? It seems to us that a similar remedy was intended for each.
 

 Several hundreds of judgments must have been entered in this manner, and any other manner would have made even the costs oppressive.
 

 Again, as to notice of these motions, it seems to us that when the Legislature authorize a judgment upon motion, if they intend notice should be given the defendant, they expressly say so. In many cases the remedy by motion is provided by our statutes. In some instances the Legislature say there shall be previous notice; in others they say nothing about notice. It must, then, be reasonable to suppose that in every case where notice was intended it is expressly required, and that where the Legislature is silent on that subject they did not mean that any notice should be required.
 

 Let the judgment be affirmed.